NOT DESIGNATED FOR PUBLICATION

No. 113,551

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MILO J. BROWN, SR.,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed July 8, 2016. Affirmed.

*Sarah Ellen Johnson*, of Capital Appellant Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before LEBEN, P.J., STANDRIDGE and ARNOLD-BURGER, JJ.


*Per Curiam*:  Milo J. Brown, Sr., appeals following his conviction of attempted aggravated robbery. He argues the prosecutor committed reversible misconduct during voir dire by attempting to define the term "reasonable doubt" for prospective jurors. But the prosecutor's statements in this case did not attempt to define the concept of reasonable doubt, diminish the State's burden of proof, or otherwise suggest to the jury that it might convict on anything less than proof beyond a reasonable doubt. Accordingly, we find no misconduct and affirm Brown's conviction.

1

FACTS

In the early morning hours of July 16, 2014, a man wearing a dark hood entered the Fabric Care Center laundromat in Wichita. The man approached the security guard on duty, James Ricketts, Jr., and handed him a note that demanded "all your money." Ricketts later testified that he assumed it was a joke until the man came around the counter holding a knife and verbally repeated the demand for money. Ricketts informed the man that he was not getting any money. It was only after the man walked away that Ricketts realized he had been stabbed in his right side.

When law enforcement arrived at the scene, Ricketts identified Brown, a frequent patron of the laundromat, as the man who had stabbed him. After viewing security camera footage, the owner of the laundromat separately identified Brown as the man in the dark hood. Brown was arrested and charged with attempted aggravated robbery.

At trial, Brown denied committing the crime, claiming that he had been at his apartment all night. Brown's wife corroborated this testimony. The jury found Brown guilty as charged. The district court sentenced Brown to a 57-month term of imprisonment with a postrelease supervision term of 24 months.

ANALYSIS

In his sole issue on appeal, Brown alleges the State committed prosecutorial misconduct during voir dire by attempting to define the term reasonable doubt for prospective jurors.

Our Supreme Court has ruled that the prosecutorial misconduct standards apply to the voir dire process, the purpose of which is "to enable the parties to select jurors who are competent and without bias, prejudice, or partiality." *State v. Simmons*, 292 Kan. 406,

411-12, 254 P.3d 97 (2011). Claims of prosecutorial misconduct based on comments made during voir dire are reviewable on appeal even where no contemporaneous objection was made at trial. *State v. King*, 288 Kan. 333, 349, 204 P.3d 585 (2009).

Appellate courts review claims alleging prosecutorial misconduct using a two-step process. First, the court determines whether the comments were outside the wide latitude afforded to prosecutors. If the comments are found to be improper, the court must then determine whether the improper comments prejudiced the jury against the defendant and denied the defendant a fair trial. *State v. Roeder*, 300 Kan. 901, 932-33, 336 P.3d 831 (2014), *cert. denied* 135 S. Ct. 2316 (2015); see *State v. Holt*, 300 Kan. 985, 991, 336 P.3d 312 (2014).

Three factors are considered under the second step of the process: "(1) whether the misconduct was gross and flagrant, (2) whether the misconduct showed ill will on the prosecutor's part, and (3) whether the evidence was of such a direct and overwhelming nature that the misconduct would likely have had little weight in the minds of jurors." *State v. Raskie*, 293 Kan. 906, 914, 269 P.3d 1268 (2012); see *State v. Inkelaar*, 293 Kan. 414, 430-31, 264 P.3d 81 (2011) (misconduct is "gross and flagrant" if it was repeated or emphasized; deliberate and repeated misconduct or indifference to a court ruling constitutes "ill will"; and evidence is so "direct and overwhelming" if there is no reasonable possibility that the misconduct affected the verdict).

In this case, the prosecutor made the following statements during voir dire:

> "[W]e talked a little bit about beyond a reasonable doubt being the burden in this case that I have to be held to. I can't define it for you. I'm not going to. But I can tell you what it's not. Beyond a reasonable doubt is not to the exclusion of all other possibilities. It's not beyond all doubt. It's not to the highest esteem. It's not to the exclusion of any other reason. Does that make sense?"

The Kansas Supreme Court frequently has stated that a definition of reasonable doubt is not necessary. See, *e.g.*, *State v. Wilson*, 281 Kan. 277, Syl. ¶ 4, 130 P.3d 48 (2006) ("No definition or explanation can make any clearer what is meant by the phrase 'reasonable doubt' than that which is imparted by the words themselves."); *State v. Walker*, 276 Kan. 939, 956, 80 P.3d 1132 (2003) ("'Efforts to define reasonable doubt, other than as provided in PIK Crim. 3d 52.02, usually lead to a hopeless thicket of redundant phrases and legalese, which tends to obfuscate rather than assist the jury in the discharge of its duty.'") (quoting *State v. Acree*, 22 Kan. App. 2d 350, 356, 916 P.2d 61, *rev. denied* 260 Kan. 995 [1996]). To that end, our Supreme Court has warned that prosecutors risk misstating the burden of proof by attempting to define reasonable doubt. See *State v. Magallanez*, 290 Kan. 906, 914-15, 235 P.3d 460 (2010). A prosecutor cannot suggest to the jury that it may convict on anything less than proof beyond a reasonable doubt. *State v. Brinklow*, 288 Kan. 39, Syl. ¶ 5, 200 P.3d 1225 (2009).

In no way did the prosecutor's statements in this case attempt to define the concept of reasonable doubt, diminish the State's burden of proof, or otherwise suggest to the jury that it might convict on anything less than proof beyond a reasonable doubt. Rather, the comments illustrated the difference between proof beyond a reasonable doubt and proof beyond any and all doubt. See *State v. Stevenson*, 297 Kan. 49, 53, 298 P.3d 303 (2013) (no misconduct where prosecutor drew distinction between concept of "proof beyond a reasonable doubt and proof beyond all doubt, rather than attempting to provide a meaning for 'reasonable doubt'"). Consequently, the prosecutor's statements did not fall outside the wide latitude afforded to prosecutors and therefore did not constitute misconduct.

But even if we were to find the prosecutor's statements constituted misconduct, the misconduct was not so prejudicial that it denied Brown a fair trial. The comments were not gross and flagrant and did not show ill will—the prosecutor made the comments once during voir dire and never repeated them in opening or closing arguments. And there is no reasonable possibility that the comments affected the verdict. The jury was properly

4

advised of the State's burden of proof by the prosecutor (in voir dire), by defense counsel (in closing arguments), and by the district court (in jury instructions). And the evidence was so direct and overwhelming (two witnesses separately identified Brown as the perpetrator) that the misconduct likely would have had little weight in the minds of the jurors.

Affirmed.